■ MERCHANTS BANK OF NEW YORK, Respondent, v ABRAHAM FRIEDMAN Co. et al., Appellants, et al., Defendants. [615 NYS2d 271] —Judgment, Supreme Court, New York County (Myriam Altman, J.), entered November 20, 1992, which granted, *inter alia,* partial summary judgment on a promissory note, unanimously affirmed, without costs.

The IAS Court properly determined that General Obligations Law § 15-301 (1) precludes oral modification of this integrated contract *(see, Bank Leumi Trust Co. v D'Evori Intl.,* 163 AD2d 26, 30).* In addition, the defendants have presented no evidence to support their bare assertions that the sale of the collateral was improper. Summary judgment was therefore warranted.

We have considered the defendants' additional arguments and find them to be without merit. Concur—Carro, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.

■ In the Matter of SHAIDA W. and Others, Children Alleged to be Neglected. FRANCES W., Respondent, et al., Petitioner; LENORE GITTIS, as Law Guardian, Appellant. [615 NYS2d 271] —Final order of disposition, Family Court, Bronx County (Stewart Weinstein, J.), entered April 12, 1993, which dismissed the petition for an extension of foster care, unanimously affirmed, without costs.

The Family Court properly declined to exercise jurisdiction in this case. The children have been living with their maternal grandmother in San Diego for the past two years under the supervision of the Department of Social Services there. Social Services Law § 374-a ([1] art V) has no application to this case *(see,* Social Services Law § 374-a [1] art VIII), and the Law Guardian has failed to demonstrate that a relinquishment of jurisdiction by the New York courts ipso facto would result in the children automatically being returned to the natural mother, or that they would be unable to obtain the necessary public assistance and support services in California, regardless of what custodial arrangement ultimately is made. Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Williams, JJ.